UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD V. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1938 SPM |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is petitioner's response to the Court's Order directing him to show cause why this action should not be summarily dismissed for failure to exhaust state remedies. Petitioner acknowledges that this action is premature, but he requests a stay of the proceedings while he pursues state postconviction proceedings. After careful review, the Court has determined that a stay is not warranted, and the Court will dismiss this action without prejudice to refiling once petitioner's state postconviction proceedings are final.

The AEDPA requires that a state prisoner who files a § 2254 petition must have exhausted available state court remedies with respect to every claim raised in the federal petition, i.e., on direct appeal and state habeas corpus review. 28 U.S.C. § 2254(b)(1). Filing a federal petition with both exhausted claims and unexhausted claims (called a "mixed petition") ordinarily will result in dismissal of the entire

petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or unless the federal court proceeds to deny the unexhausted claims on the merits. Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(2). The Supreme Court has held, however, that federal district courts have limited discretion to hold mixed petitions in abeyance in order to permit a habeas corpus petitioner to return to state court to complete exhaustion of all his claims. Rhines v. Weber, 544 U.S. 269 (2005).

The instant petition does not fall under the limited exception to exhaustion in Rhines because it is not a "mixed petition." That is, plaintiff has not exhausted *any* of the claims in his petition because his state postconviction proceedings are still pending. As a result, the Court does not have discretion to stay this case.

Petitioner is concerned that he will not be able to afford the filing fee if he has to file a new case. If petitioner cannot afford the filing fee, he may proceed in forma pauperis, and the filing fee will be waived. Petitioner is not prejudiced by the dismissal of this action.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he has exhausted available state remedies. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to refiling once petitioner has exhausted his state remedies.

A separate Order of Dismissal will be filed forthwith.

Dated this 19th day of November, 2013.

                                                                   *[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE